AO 106 (Rev. 04/10) Application for a Search Warrant

CS

# UNITED STATES DISTRICT COURT
### for the
### Southern District of Ohio

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )       Case No.   2:22-mj-203
The residence located 1605 Koebel Road, Columbus, Ohio )
43207-2744, including curtilage )
)

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

SEE ATTACHMENT A INCORPORATED HEREIN BY REFERENCE

located in the _____Southern_____ District of _____Ohio_____ , there is now concealed *(identify the person or describe the property to be seized)*:

SEE ATTACHMENT B INCORPORATED HEREIN BY REFERENCE

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☐ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 USC Section 922(g)(1) | Felon in possession of a firearm |
| 21 USC 841 | Possession of a controlled substance |

The application is based on these facts:

SEE ATTACHED AFFIDAVIT INCORPORATED HEREIN BY REFERENCE

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

**Samuel Chappell, TFO ATF**
*Printed name and title*

Sworn to before me and signed in my presence.

Date:   3/23/2022

_____
Chelsey M. Vascura
United States Magistrate Judge
*Judge's signature*

City and state: Columbus, Ohio

**Chelsey M. Vascura, U.S. Magistrate Judge**
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT
FOR   Southern District of Ohio

IN THE MATTER OF THE SEARCH OF: **The premises located at 1605 KOEBEL RD, COLUMBUS, OH 43207-2744, including curtilage.**

Case No.   2:22-mj-203

### AFFIDAVIT IN SUPPORT OF AN APPLICATION UNDER RULE 41 FOR A WARRANT TO SEARCH AND SEIZE

I, Samuel Chappell being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1.      I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a warrant to search the premises known as 1605 Koebel Road, Columbus, Ohio 43207, hereinafter "PREMISES," further described in Attachment A, for the things described in Attachment B.

2.      I am a Columbus Ohio Police Officer (Columbus Police Department) currently assigned as a Task Force Officer (TFO) with the Bureau of Alcohol Tobacco, Firearms and Explosives (ATF).  The Columbus Division of Police (CPD) has employed me since 2007.  My responsibilities as a Task Force Officer include the investigation of violent criminal street gangs, narcotics traffickers, firearm traffickers, as well as the illegal possession and use of firearms. I have participated in numerous investigations of criminal violations relating to illegal firearms possession, firearms trafficking, and shooting investigations.  I have participated in the execution

of search warrants and arrests related to the above-referenced offenses. By virtue of my experience and training, I am familiar with residential search warrants. Throughout this Affidavit, reference to "investigators" specifically refers to criminal investigators.

3.      This affidavit is intended to show only that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

4.      Based on my training and experience, I am familiar with the manner and means commonly employed by drug traffickers, including those employed to avoid detection by law enforcement. I am also familiar with the terminology and slang commonly employed by drug traffickers. In my training and experience, I have observed and examined cocaine, cocaine base ("crack"), heroin, marijuana, methamphetamine, oxycodone, heroin, fentanyl, and other controlled substances that are, by themselves, illegal to possess. I am aware of the prices commonly charged on the street for these substances, the method of packaging, and the jargon used in their trade. During my law enforcement career, I have received specialized training regarding the activities of narcotics traffickers, including the methods used to package, store, and distribute narcotics, and the methods used by narcotics traffickers to conceal and launder the proceeds of their narcotics trafficking activities.

5.      I have participated in various aspects of drug-related investigations. I have participated in controlled purchases of controlled substances utilizing confidential sources and undercover law enforcement agents and officers. I have prepared affidavits submitted in

2

federal court in support of applications for criminal complaints, search warrants, tracking warrants, and/or arrest warrants. I have participated in numerous investigations involving a variety of investigative techniques, including physical and electronic surveillance methods; controlled purchases; the analysis of a wide variety of records and data, including pen register and trap and trace data as well as cell phone location data; and the debriefing of defendants, informants, and witnesses, as well as others who have knowledge of the distribution, transportation, storage, and importation of controlled substances.

6. Through investigations, my training and experience, and conversations with other law enforcement officers, I have become familiar with the methods used by narcotics traffickers to distribute, transport, store, import, and safeguard-controlled substances. I know that narcotics trafficking organizations have developed a number of methods to insulate their illegal activities from law enforcement detection. For instance, I know that members of narcotics trafficking organizations routinely utilize electronic communications facilities, including cellular telephones and mobile messaging applications such as Snapchat, to communicate operational directives and information concerning the conduct of the organization's illegal activities to other organization members; that organization members routinely use coded references in an effort to avoid law enforcement detection; and that the communication of time-sensitive information is critical to the successful conduct of these organizations' illegal activities. I am also familiar with narcotics traffickers' use of prepaid cellular and cellular phones, normal land line phones, public phones, debit calling cards,

3

counter-surveillance, and the use of false and/or fictitious identities. Finally, I am familiar
with the coded language used by narcotics traffickers during conversations in an attempt to
disguise the true meaning of their conversations.

7.     I also know, from my training and experience that "cell phones and the services
they provide are 'such a pervasive and insistent part of daily life' that carrying one is
indispensable to participation in modern society." Carpenter v. United States, 138 S. Ct. 2206,
2220 (citing Riley v. California, 573 U. S., at ___, 134 S. Ct. 2473, 2484 (2014))

8.     Specifically, to this search warrant through training and experience I know that
individuals who traffick in narcotics frequently utilize cell phones to take photographs and
videos of their narcotics. These photographs and videos are often posted to social media using a
cell phone. These same individuals also utilize cellphones, to include calls, texts, and social
media applications, to arrange the purchase and sale of narcotics.

9.     This affidavit is intended to show only that there is sufficient probable cause for
the requested warrant and does not set forth all of my knowledge about this matter. I have
not omitted any facts that would negate probable cause.

10.     Based on my training and experience and the facts as set forth in this affidavit,
there is probable cause to believe that violations of Title 18, United States Code, Section
922(g)(1) Felon in Possession of a Firearm and Title 21, United States Code, Section 841
Distribution of a Controlled Substance and have been committed by KRONK and his

4

associates. There is also probable cause to search the PREMISES described in Attachment A for evidence, instrumentalities, and/or fruits of these crimes, as further described in Attachment B.

## APPLICABLE STATUTES AND DEFINITIONS

11. Title 18, United States Code, Section 922(g)(1) makes it a federal crime for a person to knowingly possession a firearm after being convicted of a crime punishable by imprisonment for a term exceeding one year.

12. Title 21, United States Code, Section 841 makes it a federal crime for any person to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute or dispense a controlled substance. Subsection (b) of this section makes cocaine, cocaine base, heroin, N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, commonly referred to as fentanyl, and any of their isomers controlled substances.

## BACKGROUND REGARDING ACTIVITIES OF DRUG TRAFFICKERS

13. Your affiant has learned through training and experience the ways in which narcotics traffickers conduct their business, including methods of distributing narcotics, the use of home-based telephones and the use of cellular telephones, and the use of vehicles to facilitate their illegal activities. Your affiant's training and experience as a CPD detective and an ATF TFO form the basis of the opinions and conclusions set forth below. Based on your affiant's training, experience, and the experience of other officers, detectives, and agents, your affiant is aware:

5

a. that narcotics traffickers often place assets in names other than their owner and/or use fictitious identification to avoid detection of these assets by government agencies or local law enforcement;

b. that even though these assets are in other persons' names the narcotics traffickers continue to exercise dominion and control;

c. that narcotics traffickers must maintain and finance their ongoing narcotics activities, as well as for paying bills, acquiring assets, and making other purchases;

d. that it is common for narcotics traffickers to maintain books, records, receipts, notes, ledgers, airline tickets, bus tickets, rental car receipts, receipts relating to the purchase of financial instruments and/or the transfer of funds, and other papers relating to the transportation, ordering, purchasing, processing, storage, sale and distribution of drugs, and the collection of its proceeds. That the aforementioned books, records, receipts, notes, ledgers, etc., are maintained where the narcotics traffickers have ready access to them;

e. that it is common for narcotics traffickers to secrete contraband, proceeds of drug sales, records of drug transactions, large amounts of currency, financial instruments, precious metals, jewelry, and other items of value; and evidence of financial transactions relating to obtaining, transferring, secreting, and spending large sums of money made from engaging in narcotics trafficking activities in secure locations within their residences and/or other locations over which they maintain dominion and control, in order to have ready access to them;

f. that it is common for persons involved in narcotics trafficking to maintain evidence pertaining to their obtaining, secreting, transfer, concealment, and/or expenditure of narcotic proceeds, such as: currency, financial instruments, precious metals and gem stones, jewelry, books, records, invoices, receipts records of real estate transactions, bank statements and related records, passbooks, money drafts, letters of credit, loan records, money orders, bank drafts, cashier checks, bank checks, wire transfers, safe deposit box keys and money wrappers. These items are maintained by the narcotics traffickers within their residences and/or other locations which they maintain dominion and control;

g. that when drug traffickers amass a large amount of proceeds from the sale of drugs, the drug traffickers attempt to legitimize these profits;

6

h. that to accomplish these goals, narcotics traffickers utilize, including, but not limited to, foreign and domestic banks and their attendant services, Western Union and other wire transfer or Money Service Businesses sales agents, check cashing services, real estate agents, securities brokers, accountants, attorneys, business fronts, and otherwise legitimate businesses which generate large quantities of currency;

i. that narcotics traffickers often utilize electronic equipment such as currency counting machines, telephone answering machines, telephone caller identification boxes, and cellular telephones in their drug activities;

j. that drug traffickers often take or cause to be taken photographs/video tapes of themselves, their associates, their property, and their products. These traffickers usually maintain these photographs/video tapes in their residences and/or other locations in which they maintain dominion or control, including on electronic devices which are used to post such photographs/videos on social media or other websites or applications;

k. that the sale of controlled dangerous substances, generates large quantities of United States currency (aka, street money);

l. that is common for drug dealers to separate their "street money" by denomination and put this currency in rubber banded stacks in varying $1,000 increments to facilitate quick counting;

m. that the Currency Transaction Report (CTR - IRS Form 4789), which is required to be completed and filed with the Internal Revenue Service by all financial institutions on every currency transaction which exceeds $10,000, causes tremendous problems for narcotics traffickers when they attempt to negotiate their illegal profits at a financial institution;

n. that in order to evade the filing of a Currency Transaction Report (CTR), narcotics traffickers often "structure" their currency transactions so that no one transaction exceeds $10,000 or they provide false or misleading information in an attempt to legitimize or conceal the source and/or ownership of the currency;

o. that narcotics traffickers commonly maintain addresses or telephone numbers in books or papers, which reflect names, addresses and/or telephone numbers of their

7

suppliers, customers, and other associates involved in their narcotics trafficking organization;

p.  that drug traffickers commonly have in their possession, that is on their person, at their residences and/or other locations over which they maintain dominion and control, firearms, including but not limited to: handguns, pistols, revolvers, rifles, shotguns, machine guns, and other weapons. Said firearms are used to protect and secure a drug trafficker's property. Such property may include, but is not limited to: narcotics, jewelry, narcotics paraphernalia, books, records, and U.S. Currency; and

q.  that courts have recognized unexplained wealth is probative evidence of crimes, in particular, trafficking in narcotics.

## CRIMINAL HISTORY

14.    KRONK has the following felony convictions that could result in a sentence of more than one year in prison.

a.  On or about November 30, 2001, KRONK was sentenced in the Franklin County, Ohio Court of Common Pleas, Case 01CR001416, for one (1) count of discharging a firearm, a felony of the second degree.

b.  On or about November 10, 2003, KRONK was sentenced in the Franklin County, Ohio Court of Common Pleas, Case 02CR005374, for four (4) counts of trafficking in drugs, which are felonies of the fourth degree, and one count of receiving stolen property, a felony of the fourth degree.

8

c. On or about November 30, 2010, KRONK was sentenced in the Franklin County, Ohio Court of Common Pleas, Case 10CR000615, for one (1) count of possession of drugs, a felony of the third degree.

## PROBABLE CAUSE

15. This Affidavit is submitted for the limited purpose of establishing probable cause and therefore contains only a summary of the relevant facts. I have not included each and every fact that I, or others, have learned during the course of this investigation. The information set forth in this Affidavit is based on my own participation in the investigation, information I have received from other law enforcement officials, and from my other agents' analysis of documents and records relating to this investigation. As one of the case agents on this investigation, I am familiar with the investigative efforts of other investigators who have worked on this investigation. Further, I am familiar with the evidence gathered through the issuance of search warrants, subpoenas, and/or information provided to myself and other agents by cooperating individuals.

16. Law enforcement, including ATF and CPD, is conducting a criminal investigation of Matthew KRONK for firearm and narcotics related offenses.

17. On or about September 2, 2021, investigators received information from a reliable Confidential Informant (CI), hereinafter referred to as CS1. CS1 has given credible information in the past that investigators have been able to independently verify as accurate. CS1 is an associate of KRONK and has known him for several years.

9

18.     CS1 stated a male named Matthew KRONK is a large narcotics dealer in the south side of Columbus, Ohio. CS1 stated KRONK sells large amounts of Percocet pills, cocaine, and marijuana. CS1 stated KRONK owns a home at 1605 Koebel Rd (the SUBJECT PREMISES) where KRONK stores his illegal narcotics, firearms, and bulk cash he makes selling narcotics. CS1 stated KRONK recently purchased a home at 2665 S. High St. and used the proceeds from his narcotic sales to completely remodel the home.

19.     On or about March 1, 2022, CS1 provided additional information to investigators. CS1 stated KRONK was living at the SUBJECT PREMISES. CS1 stated KRONK had moved his firearms and narcotics into the SUBJECT PREMISES from another residence. CS1 stated KRONK has an extensive surveillance system and a large dog at the SUBJECT PREMISES. CS1 stated that KRONK had recently purchased a black Jeep. Investigators were able to independently corroborate several of CS1's statements via physical and electronic surveillance. In addition, the investigation has indicated that, as detailed below, KRONK did recently purchase a black Jeep.

20.     On October 5, 2021, at approximately 5:08 am, investigators from the ATF Crime Gun Enforcement Team conducted a trash pull from 2665 S. High St, Columbus Ohio 43207. Detectives found an Ohio BMV registration card that was in Matthew KRONK's name, mail from United Healthcare that was addressed to Matthew KRONK, an advertisement mail that was in Matthew KRONK's name, a hospital bracelet that was in Matthew KRONK's name with his birth date of 9/3/1992, a WOW internet bill that was in Matthew KRONK's name that listed Matthew KRONK's phone number as (614) 256-6758, an AEP Ohio bill in Matthew KRONK's name and

10

a pill bottle that had Matthew KRONK's name on the bottle. All the mail and documents that had Matthew KRONK's name on them listed an address of 1605 Koebel Rd.

21.     Investigators located a clear plastic bottle that had suspected marijuana stuck to the bottle, two clear plastic baggies that contained a small amount of suspected marijuana that was left in the baggies and a clear plastic baggie with the initials "QP" printed on the baggie. investigators believe that the "QP" stands for quarter pound which would have been the weight of marijuana packaged in the clear plastic baggie. Detectives also located two used syringes.

22.     Investigators located what is believed to be two drug ledgers. The suspected drug ledgers had names investigators believe to be code name for narcotics with a number after the name that Detectives believe to be the dollar amount. Of note a Franklin County Auditors search conducted on December 8, 2021, continued to reflect the owner's name of 2665 S. High St Columbus, Ohio as being Brian M. Daniel 5609 Sims Rd Groveport, Ohio 43125 he is listed as owning this property since December 17, 2019. The Auditor's 2021 fair market value of the property is listed at $95,800.

23.     On or about March 23, 2022, a federal search warrant 2:22-MJ-183 (Attachment C) was executed at the SUBJECT PREMISES. During the search of the residence investigators found bulk US currency hidden outside in a grill. Investigators estimate the US Currency to be several thousand dollars. A photograph of the money is pictured below.

11



24.     Inside the residence in a bedroom investigators found two firearms in plain view. The firearms are described as Glock, Model 19, 9mm pistol, bearing serial number ACKE471 and a Smith & Wesson, Model M&P Bodyguard, .380 caliber pistol, bearing KBZ8816. In the same bedroom investigators observed a TV that had a live feed of the cameras from around the residence.

25.     In the attic investigators found a locked safe whose contents are unknown. Also, in the attic investigators found multiple rubber bands consistent with the type used to hold money.

26.     Inside a container in a bedroom investigator found a bin with bulk marijuana as pictured below.

12



27.     Investigators found ledgers in the home that they believe document marijuana sales.

## FINANCIAL ACTIVITY

28.     Records received from the Ohio Department of Taxation show that KRONK filed

personal income returns from 2016-2020 as summarized below KRONK has not filed any

business tax returns from 2016-2021.

|                                         | **2016** | **2017** | **2018** | **2019** | **2020** |
|-----------------------------------------|----------|----------|----------|----------|----------|
| Federal adjusted gross income ($4207)   |          | ($7525)  | $28,600  | $13,202  | $38,493  |
| Low-income credit                       | $88.00   |          |          |          |          |

13

29.     On or about February 10, 2022, KRONK purchased a 2017 Black Jeep Grand

Cherokee SRT. KRONK registered the vehicle to the SUBJECT PREMISES. The Kelley Blue

Book Value for this vehicle in good condition with 80,000 miles is $41,021.

## CONCLUSION

30.     I submit that this affidavit supports probable cause for a warrant to search the

PREMISES described in Attachment A and seize the items described in Attachment B.

Respectfully submitted,

Samuel Chappell
Task Force Officer
ATF

Subscribed and sworn to before me
on March 23, 2022:

UNITED STATES MAGISTRATE JUDGE

14

## ATTACHMENT A

*Property to be searched*

The place to be searched is the residence described below, including all its appurtenances, parking areas, outdoor working areas, vehicles, and detached buildings:

The SUBJECT PREMISES, that being 1605 Koebel Road, Columbus, Ohio 43207, is a single-family one-story home with an attic. The residence has cream-colored siding and a red wooden fence around it. A gravel driveway leads from the road to front door. There is a black mailbox with the numbers 1605 located at the beginning of the driveway. A photo of the location is attached.



## **ATTACHMENT B**

*Property to be seized*

1.     All records and evidence relating to violations of, Title 21 United States Code, Section 841 (Distribution of Controlled Substance) and Title 18 USC Section 922(g)(1) (felon in possession of a firearm), those violations involving KRONK and associates, including:

     a.  Illicit controlled substance

     b.  Cellular phones and other electronic communication devices including iPads.

     c.  Surveillance equipment

     d.  Firearms, ammunition, and firearm accessories

     e.  Books, records, notes, ledgers, and other papers relating to the transportation, purchase, distribution, packaging, and sale of controlled substances which may be maintained in either paper form or on computers;

     f.  Cash, currency, currency counters, financial instruments, and records relating to controlled substances, expenditure of proceeds of drug transactions, fraud and, and evidence of financial transactions relating to obtaining, transferring, secreting, or spending of large sums of money made from engaging in drug trafficking, and fraud;

     g.  Bank and other financial institution records consisting of savings, loans, records of deposits, statements, letters of credit, money orders, cashier checks, passbooks, cancelled checks, certificates of deposit, lease agreements, customer account information, income and expense summaries, cash disbursement journals,

2

financial statements, state and federal income tax returns, information related to the receipt and other disposition of income, and related financial information pertaining to the purchase, lease, sale or other disposition of real or personal property, including real estate, automobiles, jewelry, and furniture;

h. Proof of residency, including but not limited to cancelled mail, deeds, leases, rental agreements, photographs, personal telephone books, diaries, utility and telephone bills, statements, identification documents and keys;

i. Safe deposit box lease agreements and safe deposit keys;

j. Narcotics paraphernalia

k. Any safes, vaults, or secured storage equipment that could secret any of the above listed items, and the contents therein. With the ability to open by force if necessary;

3

ATTACHMENT C

AO 106 (Rev 04/10) Application for a Search Warrant

CS

# UNITED STATES DISTRICT COURT

for the

Southern District of Ohio

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )        Case No.  2:22-mj-183
The residence located 1605 Koebel Road, Columbus, Ohio )
43207-2744, including curtilage )

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

SEE ATTACHMENT A INCORPORATED HEREIN BY REFERENCE

located in the        Southern        District of        Ohio        , there is now concealed *(identify the person or describe the property to be seized)*:

SEE ATTACHMENT B INCORPORATED HEREIN BY REFERENCE

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☐ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 USC Section 922(g)(1) | Felon in possession of a firearm |

The application is based on these facts:

SEE ATTACHED AFFIDAVIT INCORPORATED HEREIN BY REFERENCE

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested
under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Samuel Chappell, TFO ATF

*Printed name and title*

Sworn to before me and signed in my presence.

Date:    3/17/2022

City and state: Columbus, Ohio

Chelsey M. Vascura
United States Magistrate Judge
*Judge's signature*

Chelsey M. Vascura, U. S. Magistrate Judge

*Printed name and title*

AO 93 (Rev. 11/13) Search and Seizure Warrant

CS

# UNITED STATES DISTRICT COURT

for the

Southern District of Ohio

| | |
|---|---|
| In the Matter of the Search of | ) |
| *(Briefly describe the property to be searched* | ) |
| *or identify the person by name and address)* | ) Case No. 2:22-mj-183 |
| The residence located 1605 Koebel Road, Columbus, Ohio | ) |
| 43207-2744, including curtilage | ) |
| | ) |

## SEARCH AND SEIZURE WARRANT

To:     Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search
of the following person or property located in the          **Southern**          District of          **Ohio**
*(identify the person or describe the property to be searched and give its location)*:

**SEE ATTACHMENT A INCORPORATED HEREIN BY REFERENCE**

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property
described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

**SEE ATTACHMENT B INCORPORATED HEREIN BY REFERENCE**

**YOU ARE COMMANDED** to execute this warrant on or before          3/31/2022          *(not to exceed 14 days)*
☑ in the daytime 6:00 a.m. to 10:00 p.m.     ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the
person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the
property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory
as required by law and promptly return this warrant and inventory to          **Any United States Magistrate**          .
                                                                                                                                    *(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C.
§ 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose
property, will be searched or seized *(check the appropriate box)*

☐ for          days *(not to exceed 30)*     ☐ until, the facts justifying, the later specific date of          .

Date and time issued:          3/17/2022 at 11:43am          _____
                                                                                                            *Judge's signature*

City and state:          **Columbus, Ohio**          , **U.S. Magistrate Judge Chelsey M. Vascura**
                                                                                    *Printed name and title*

AO 93 (Rev 11/13) Search and Seizure Warrant (Page 2)

| Return | | |
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : | | |
| Inventory of the property taken and name of any person(s) seized: | | |

**Certification**

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date:

_Executing officer's signature_

_Printed name and title_

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO**

**IN THE MATTER OF THE SEARCH OF
The premises located at 1605 KOEBEL
RD, COLUMBUS, OH 43207-2744,
including curtilage.**

Case No.  2:22-mj-183

**Filed Under Seal**

## AFFIDAVIT IN SUPPORT OF
## AN APPLICATION FOR A SEARCH WARRANT

1.     I, Samuel Chappell, being first duly sworn, hereby depose and state as follows:

## I. INTRODUCTION AND AGENT BACKGROUND

2.     I make this Affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 to authorize law enforcement to search the premises known as 1605 Koebel Road, Columbus, Ohio 43207, hereinafter referred to as the "SUBJECT PREMISES," further described in Attachment A, for the items described in Attachment B.

3.     I am a Columbus Ohio Police Officer (Columbus Police Department) currently assigned as a Task Force Officer (TFO) with the Bureau of Alcohol Tobacco, Firearms and Explosives (ATF). The Columbus Division of Police (CPD) has employed me since 2007.  My responsibilities as a Task Force Officer include the investigation of violent criminal street gangs, narcotics traffickers, firearm traffickers, as well as the illegal possession and use of firearms. I have participated in numerous investigations of criminal violations relating to illegal firearms possession, firearms trafficking, and shooting investigations.  I have participated in the execution of search warrants and arrests related to the above-referenced offenses. By virtue of my experience and training, I am familiar with residential search warrants.  Throughout this Affidavit, reference to "investigators" specifically refers to criminal investigators.

1

4.    I know based on my training and experience that individuals who possess firearm and ammunition, as felons or otherwise, often possess other items commonly used or acquired in connection with the possession of firearms and ammunition. Some of these items include, but are not limited to, other firearms, firearm parts, additional ammunition, firearm receipts, firearms brochures or owner's manuals, records of sale or acquisition of firearms, firearms magazines, and holsters.

5.    I know based on my training and experience that individuals who possess the above-described items (i.e., firearms, ammunition, and other items commonly used or acquired in connection with the possession of firearms and ammunition), as felons or otherwise, often store those items—including firearms and ammunition—in their homes or cars, so that the firearms and ammunition are easily accessible. I also know that firearms are durable and non-perishable goods, which can be expected to remain in the individual's possession for extended periods of time.

6.    The facts in this Affidavit come from my personal observations, my training and experience, and information obtained from other investigators and witnesses. This Affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all my knowledge about this matter.

7.    Based on my training and experience and the facts as set forth in this Affidavit, there is probable cause to believe that violations of Title 18, United Sates Code, Section 922(g)(1) (felon in possession of firearm) has been committed by Matthew KRONK. There is also probable cause to search the SUBJECT PREMISES described in Attachment A for evidence, instrumentalities, and/or fruits of this crime, as further described in Attachment B.

2

## APPLICABLE STATUTES AND DEFINITIONS

8.      Title 18, United States Code, Section 922(g)(1) makes it a federal crime for a person to knowingly possession a firearm after being convicted of a crime punishable by imprisonment for a term exceeding one year.

## CRIMINAL HISTORY

9.      KRONK has the following felony convictions that could result in a sentence of more than one year in prison.

   a. On or about November 30, 2001, KRONK was sentenced in the Franklin County, Ohio Court of Common Pleas, Case 01CR001416, for one (1) count of discharging a firearm, a felony of the second degree.

   b. On or about November 10, 2003, KRONK was sentenced in the Franklin County, Ohio Court of Common Pleas, Case 02CR005374, for four (4) counts of trafficking in drugs, which are felonies of the fourth degree, and one count of receiving stolen property, a felony of the fourth degree.

   c. On or about November 30, 2010, KRONK was sentenced in the Franklin County, Ohio Court of Common Pleas, Case 10CR000615, for one (1) count of possession of drugs, a felony of the third degree.

## PROBABLE CAUSE

11.      This Affidavit is submitted for the limited purpose of establishing probable cause and therefore contains only a summary of the relevant facts. I have not included each and every fact that I, or others, have learned during the course of this investigation. The information set forth in this Affidavit is based on my own participation in the investigation, information I have received from other law enforcement officials, and from my other agents' analysis of documents and records

3

relating to this investigation. As one of the case agents on this investigation, I am familiar with the investigative efforts of other investigators who have worked on this investigation. Further, I am familiar with the evidence gathered through the issuance of search warrants, subpoenas, and/or information provided to myself and other agents by cooperating individuals.

12.    Law enforcement, including ATF and CPD, is conducting a criminal investigation of Matthew KRONK for violations of Title 18, United Sates Code, Section 922(g)(1) (felon in possession of firearm).

13.    On or about September 2, 2021, investigators received information from a reliable Confidential Informant (CI), hereinafter referred to as CS1. CS1 has given credible information in the past that investigators have been able to independently verify as accurate. CS1 is an associate of KRONK and has known him for several years.

14.    CS1 stated a male named Matthew KRONK is a large narcotics dealer in the south side of Columbus, Ohio. CS1 stated KRONK sells large amounts of Percocet pills, cocaine, and marijuana. CS1 stated KRONK owns a home at 1605 Koebel Rd (the SUBJECT PREMISES) where KRONK stores his illegal narcotics, firearms, and bulk cash he makes selling narcotics. CS1 stated KRONK recently purchased a home at 2665 S. High St. and used the proceeds from his narcotic sales to completely remodel the home.

15.    CS1 stated KRONK has a few firearms inside of 2665 S. High St. for his protection but is keeping the SUBJECT PREMISES as his stash house for his illegal activities. Your Affiant knows from training and experience that the term stash house is used to describe a place where firearms and narcotics are stored.

16.    On or about September 20, 2021, a CPD investigation listed Matthew KRONK as a suspect related to an aggravated menacing. The caller called CPD and stated that Matt KRONK

4

pulled up in the caller's parking lot, pointed a gun in the caller's face, and told the caller he will be back to shoot him and shoot up the business.

17. The caller stated that KRONK was in a newer black Chevy pickup truck and had two mean pit bulls and a female with him. The caller stated that the female was hysterically crying and hunched over staring at her feet. The caller stated that when the female looked up at him, she looked terrified. When CPD Officers arrived at the scene they were met by the caller.

18. The caller told officers that KRONK pointed a gun at him and stated, "I'll fucking shoot you," and then stated, "I'm Matthew KRONK, everyone knows me," before driving off. Columbus Police officers subsequently showed the caller a Columbus Police mugshot of KRONK, and the caller positively identified KRONK as the suspect.

19. On or about October 5, 2021, at approximately 5:08 a.m., investigators conducted a trash pull from 2665 S. High St., Columbus Ohio 43207. Detectives found an Ohio BMV registration card that was in Matthew KRONK's name, mail from United Healthcare that was addressed to Matthew KRONK, an advertisement mail that was in Matthew KRONK's name, a hospital bracelet that was in Matthew KRONK's name with his birth date of 9/3/1992, a WOW internet bill that was in Matthew KRONK's name that listed Matthew KRONK's phone number as (614) 256-6758, an AEP Ohio bill in Matthew KRONK's name, and a pill bottle that had Matthew KRONK's name on the bottle. All the mail and documents that had Matthew KRONK's name on them listed an address of the SUBJECT PREMISES.

20. In or around late January of, 2022, a Confidential Source (CS), hereafter referred to as CS2, went with KRONK to the SUBJECT PREMISES after CS2 and KRONK had both been drinking alcohol. CS2 stated that inside of KRONK's bedroom, he/ she observed four (4) to five (5) firearms in plain sight. CS2 stated that there was a TV in the bedroom that showed multiple

5

surveillance cameras around the SUBJECT PREMISES. CS2 stated that there was a dog present. CS2 stated the home had a large red fence around it. Investigators were able to independently corroborate several of CS2's statements via physical and electronic surveillance. CS2 identified as photo of KRONK. Law enforcement therefore deems CS2 to be a credible source of information.

21.     On or about March 1, 2022, CS1 provided additional information to investigators. CS1 stated KRONK was living at the SUBJECT PREMISES. CS1 stated KRONK had moved his firearms and narcotics into the SUBJECT PREMISES from another residence. CS1 stated KRONK has an extensive surveillance system and a large dog at the SUBJECT PREMISES. CS1 stated that KRONK had recently purchased a black Jeep. Investigators were able to independently corroborate several of CS1's statements via physical and electronic surveillance. In addition, the investigation has indicated that, as detailed below, KRONK did recently purchase a black Jeep.

## ADDITIONAL TIES TO THE SUBJECT PREMISES

22.     Records from the Franklin County Auditor's Office show that KRONK is the listed owner of the SUBJECT PREMISES. KRONK purchased the SUBJECT PREMISES on or about June 10, 2014, for $13,500.

23.     On or about February 10, 2022, KRONK purchased a 2017 Black Jeep Grand Cherokee. KRONK registered the vehicle to the SUBJECT PREMISES.

24.     During the month of February 2022, a detective with the Columbus Division of Police attempted to contact KRONK as part of a separate investigation. The detective sent a letter to the SUBJECT PREMISES. The detective was then contacted by a lawyer representing KRONK.

6

Case: 2:22-mj-00203-CMV Doc #: 1 Filed: 03/23/22 Page: 28 of 30 PAGEID #: 28

25. On or about March 15, 2022, investigators conducted surveillance at the PREMISES. Investigators observed the black Jeep Grand Cherokee registered to KRONK leave the PREMISES. Due to the vehicles high rate of speed and disregard of traffic signals investigators were not able to confirm KRONK as the driver.

26. On or about March 16, 2022, investigators observed the black Jeep Grand Cherokee registered to KRONK parked at a car wash in Grove City Ohio. KRONK was observed vacuuming the vehicle. KRONK was observed operating the vehicle and was the lone occupant.

27. Based on the totality of the facts and circumstances described above, Your Affiant respectfully submits that probable cause exists that KRONK, a convicted felon, did knowingly and intentionally possess a firearm and ammunition, said firearm and ammunition having travelled in interstate commerce, in violation of Title 18 U.S.C. § 922(g)(1), felon in possession of a firearm or ammunition. Furthermore, Your Affiant respectfully submits that probable cause exists that evidence of 18 U.S.C. § 922(g)(1) including items listed in Attachment B, will be found at the SUBJECT PREMISES.

Respectfully submitted,

Samuel Chappell
Task Force Officer, ATF

Sworn to via telephone on this __17 day of March, 2022,
after submission by reliable electronic means.
Fed.R.Crim.P. 4.1 and 41(d)(3).

CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE

7

## Attachment A

### Places to be Searched

The place to be searched is the residence described below, including all its appurtenances, parking areas, outdoor working areas, vehicles, and detached buildings:

The SUBJECT PREMISES, that being 1605 Koebel Road, Columbus, Ohio 43207, is a single-family one-story home with an attic. The residence has cream-colored siding and a red wooden fence around it. A gravel driveway leads from the road to front door. There is a black mailbox with the numbers 1605 located at the beginning of the driveway. A photo of the location is attached.



8

**Attachment B**

**Items to be Seized**

1. Firearms and ammunition, as evidence related to potential violation(s) of 18 U.S.C. § 922(g)(1).

2. Firearm parts, accessories, and items commonly used or associated with the possession of firearms, including conversion devices, ammunition, firearm magazines, and holsters.

3. Documents related to the purchases or transfer of firearms and ammunition.

4. Items of identification and records that establish dominion and control of the SUBJECT PREMISES, including, but not limited to, any form(s) of identification, residence keys, mail, envelopes, receipts for rent, bills, and photographs.

9